```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

AMRESCO BUREAU INVESTORS LP,    §
                                §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION NO. H-05-4261
                                §
ASMA I. KADER,                  §
                                §
     Defendant,                 §
                                §
```

MEMORANDUM AND ORDER

Pending is Defendant Asma Kader's Motion for No Evidence Summary Judgment (Document No. 15), and Plaintiff/Counter-Defendant Amresco Bureau Investors LP's Motion for Summary Judgment on Counter-Claims or In the Alternative, Motion to Compel (Document No. 17).[1]  After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows:

I.  Background

This is a debt recovery dispute.  In June, 2002, Plaintiff/Counter-Defendant Amresco Bureau Investors, LP ("Amresco") filed suit against Defendant Asthma Kader ("Kader") in Texas state court, seeking to recover on a Visa credit card account owed by Kader.  Amresco seeks to recover the unpaid balance of

---

[1] Although Document No. 18 is styled "Defendant's Motion for No Evidence Summary Judgment", it appears to be Kader's response to Amresco's Motion for Summary Judgment on Kader's counterclaims.

$5,175.14, plus interest, attorneys' fees, and costs. *See* Document No. 1 ex. A.  In November, 2005, more than three years after the suit was filed, Kader counterclaimed against Amresco, alleging that Amresco "violated the Federal Consumer Credit Protection Act against excessive finance charges and unfair debt collection practices . . . ."  Document No. 1 ex. B at 3.  Kader also alleges that Amresco violated the Texas Finance Code, charged a usurious interest rate, and engaged in breach of contract by charging an excessive interest rate.  *See* <u>id.</u> at 2-3.  Kader also alleges that Amresco's claims are barred by limitations.  Amresco timely removed the case to this court on the basis of federal question jurisdiction.

Kader moves for summary judgment on Amresco's claim to recover the debt, arguing that there is no evidence that she owes any debt to Amresco, or that Amresco owns any such debt.  Amresco moves for summary judgment on Kader's counterclaims based on deemed admissions or, alternatively, moves to compel Kader's discovery responses.

II.  <u>Standard of Review</u>

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

2

and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See* id. at 2553-54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998)(citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)). "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *See* Anderson, 106 S. Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993)(citing Matsushita, 106 S. Ct. at 1351). On

the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. (citing Anderson, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S. Ct. at 2552.  If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. Id.

### III.  Discussion

A.  Kader's "No Evidence" Motion for Summary Judgment

Kader moves for summary judgment on Amresco's claim to recover the alleged debt, asserting that Amresco offers no evidence that (1) Kader owes the debt which is the basis for the suit; or (2) that Amresco owns any such debt.  *See* Document No. 15 at 1-2. In response, Amresco produces as evidence: (1) account notes

4

reflecting Kader's acknowledgment of her indebtedness and her intention to make payments on the debt; (2) an "Affidavit of Sale" by an officer of Chase Bank USA, NA, f/k/a First U.S.A. Bank ("Chase Bank"), who avers that Kader owed $5,175.14 on a credit card account with Chase Bank (the "Account"); (3) evidence that Kader's Account was sold and transferred to Amresco "on or just prior to" September 18, 1999; and (4) a sworn "Assignment of Claim" stating that Chase Bank's rights to Kader's Account were assigned, transferred, and conveyed to Amresco in November, 2000.  *See* Document No. 16 exs. A & B; Document No. 17 ex. C-2.  Because there is evidence sufficient to raise a genuine issue of material fact on the essential elements of Amresco's claim to recover the debt, Kader's "no evidence" motion for summary judgment will be denied.

B.   Amresco's Motion for Summary Judgment on Kader's Counterclaims on the Basis of Deemed Admissions

Amresco moves for summary judgment on Kader's counterclaims on the basis of deemed admissions.  Amresco asserts that because Kader did not answer its Requests for Admissions, the Requests are all deemed admitted under Fed. R. Civ. P. 36, and that Amresco is entitled to summary judgment on all of Kader's counterclaims.  *See* Document No. 17 at 3-4.

Fed. R. Civ. P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."  In re Carney, 258 F.3d 415, 419

5

(5th Cir. 2001).  Rule 36 further provides that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  FED. R. CIV. P. 36(b).  The Fifth Circuit has emphasized that a "deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."  Carney, 258 F.3d at 419.  Rule 36(b) requires a district court to find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case.  Id.  "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."  Id.; see also Le v. Cheesecake Factory Rests. Inc., No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (unpublished).  Unanswered requests for admission may be a basis for granting summary judgment.  See FED. R. CIV. P. 56(c); Carney, 258 F.3d at 420 & n.6; Dukes v. S.C. Ins. Co., 770 F.2d 545, 549 (5th Cir. 1985) (holding that because the plaintiffs' deemed admissions established that they had misrepresented the age of a trailer, "no genuine issue remained as to this fact" and summary judgment was appropriate); Le, 2007 WL 715260, at *4 (affirming grant of summary judgment on negligence claim based on deemed admission regarding causation).

Here, the uncontroverted summary judgment evidence is that on July 27, 2006, Amresco's attorney, Kimberly R. Rankin ("Rankin"),

prepared Interrogatories, Request for Production, and Requests for Admissions, and sent them via certified mail and facsimile to Kader's counsel, Kimberly Soard ("Soard"). *See* Document No. 23 ex. E ¶ 4 (Rankin's affidavit averring to such facts) & ex. E-2 (corroborating certified mail receipt). Soard received the requests via certified mail on July 29, 2006, and via facsimile on July 27, 2006. *See* id. & exs. E-3 (United States Postal Service "Track & Confirm" page confirming delivery of the certified mailing) & E-4 (facsimile confirmation page). Kader did not timely respond to the requests by August 28, 2006, which was 30 days after Kader's counsel received Amresco's discovery requests by certified mail. Under Rule 36(a), the Requests for Admissions are therefore all deemed admitted.

There is also summary judgment evidence that Rankin and Keith Wier ("Wier"), another of Amresco's counsel, later sent a letter to Soard on September 14, 2006, noting Kader's failure to respond to the discovery requests, and requesting a response by September 21, 2006, *see* Document No. 17 ex. B, but nothing in that correspondence can be read to constitute an agreement between the parties to extend Kader's time for responding to Amresco's Requests for Admissions. *See* FED. R. CIV. P. 36(a).[2] Kader claims that upon receiving the September 14, 2006, correspondence, her counsel

---

[2] Regardless, the summary judgment record reflects that Kader failed to respond to all of the discovery requests, including the Requests for Admissions, even by the later date.

immediately contacted Wier and advised him that she had not received the discovery requests.  *See* Document No. 18 at 3.  However, Kader presents no competent summary judgment evidence to support that contention.  In particular, Kader offers no competent summary judgment evidence that she did not receive the discovery requests, or that her counsel had a telephone conversation with Wier.[3]  The affidavit of Rankin proving service of the Requests for Admissions together with the corroborating certified mail receipts, in the absence of any controverting summary judgment evidence, establish as a matter of law that the Requests for Admissions were served, and it is uncontroverted that they were not answered or objected to within the time allowed by Rule 36(a).  The following Requests for Admissions are therefore all deemed admitted:

1. [Kader] owed the original creditor any amount of money as of November 2005 on the Account.

---

[3] Attached to Kader's response to Amresco's motion for summary judgment is a meaningless "Verification" signed and sworn to by Soard, in which she states:

> My name is Kimberly Soard and I am capable of making this affidavit, and the facts contained in this affidavit are true and within my personal knowledge, and any facts stated in it are within my personal knowledge and are true and correct.  The documents attached to the appendix are true and correct copies.

*See* Document No. 18 at 5.  There are no "facts" set forth in the Verification, no "affidavit" by Soard, and no attachments to the Verification.  The Verification, therefore, has no substance and is not summary judgment evidence controverting Amresco's motion for summary judgment.

*3.  [Kader] did not inform any of [Counter-Defendant Amresco's] representatives that [Kader] disputed the debt on the Account prior to filing [Kader's] counter-claim.

4.  [Kader] did not provide any information regarding [Kader's] reasons for dispute of the debt on the Account prior to filing [Kader's] Counter-claim.

5.  [Kader] [is] not able to attribute any monetary losses that [Kader] h[as] suffered directly to the actions or inactions that [Kader] h[as] alleged against [Amresco] in [Kader's] Counter-Claim.

6.  [Kader] has not suffered any emotional distress, humiliation, discomfort or embarrassment of any kind as a result of any action or inaction of [Amresco].

7.  [Kader] owe[s] the debt on the account made the basis of this suit.

8.  [Kader] represented that [Kader] would pay the debt on the account made the basis of this suit.

9.  [Amresco] did not attempt to collect usurious interest from [Kader].

10. [Amresco] did not violate any portion of the Federal Debt Collection Practices Act with respect to collection of the Account at issue in this case.

11. [Amresco] did not breach any contract with respect to the Account at issue in this case.

*See* Document No. 17 ex. A-3.

Accordingly, on the basis of these admissions it is conclusively established that Kader owed the debt on the Account made the

---

\* There is no "2" on the list of requested admissions.

basis of this suit; Amresco did not violate any portion of the federal Debt Collection Practices Act with respect to collection of the Account; Amresco did not attempt to collect usurious interest from Kader; Amresco did not breach any contract with respect to the Account; and Kader is not able to attribute any monetary losses that she has suffered to the actions or inactions alleged against Amresco in her Counterclaim.[4]  On the basis of these deemed admissions, Kader's counterclaims against Amresco under the Texas Finance Code and the CCPA for "excessive finance charges and unfair

---

[4] Kader's "unfair debt collection practices" claim is evidently based on Amresco's "attempt to collect a debt which is not owed by [Kader]." *See* Document No. 15 at 2.  However, Kader admits that she "owe[s] the debt on the account made the basis of this suit," and that Amresco "did not violate any portion of the Federal Debt Collection Practices Act with respect to collection of the Account at issue in this case."  Kader's Texas Finance Code counterclaim(s)--which appear premised on allegations that Amresco charged or attempted to collect a usurious interest rate, and/or engaged in unfair debt collection practices by attempting to collect a debt that was not owed by Kader--also fail in light of Kader's admissions.  Moreover, with respect to all of her counterclaims, Kader admits that she is unable to attribute any monetary losses to the actions or inactions of Amresco.

Kader also pleads Amresco's suit is barred by the Texas statute of limitations.  The suit was filed, however, within the applicable four-year limitations period for an action on an open or stated account.  *See* TEX. CIV. PRAC. & REM. CODE § 16.004(c) (four-year limitations period for such an action, which "accrues on the day that the dealings in which the parties were interested together cease.").  The uncontroverted summary judgment evidence is that Chase Bank terminated its relationship with Kader when she defaulted on her payments in July, 1999, and Chase Bank subsequently sold the Account to Amresco in September, 1999.  *See* Document No. 17 exs. C & D.  Amresco brought suit in June, 2002--well within the four-year limitations period.  As such, the suit is not barred by limitations.

debt collection practices," as well as her counterclaims for usury and breach of contract, fail as a matter of law, and Amresco has shown itself entitled to summary judgment on these counterclaims.

## IV.  Order

Based on the foregoing, it is

ORDERED that Plaintiff/Counter-Defendant Amresco Bureau Investors LP's Motion for Summary Judgment on Counter-Claims (Document No. 17) is GRANTED, and Defendant Asma Kader's counterclaims are all DISMISSED on the merits; and Defendant Asma Kader's Motion for No Evidence Summary Judgment (Document No. 15) is DENIED.  Remaining for trial are Plaintiff Amresco Bureau Investors LP's contract claim on Kader's credit card account, and alternative claim for unjust enrichment, together with interest, attorneys' fees, and costs.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 22nd day of May, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE